Ye v. Sessions

BIA
Cheng, IJ
A099 531 181

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of February, two thousand eighteen.

PRESENT:
> JON O. NEWMAN,
> RICHARD C. WESLEY,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

MING X. YE,
> *Petitioner,*

v.                                                    13-2905
                                                      NAC

JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Michael Brown, New York, NY.

FOR RESPONDENT:          Stuart F. Delery, Assistant
                         Attorney General; David V. Bernal,
                         Assistant Director; Lance L. Jolley,
                         Trial Attorney, Office of
                         Immigration Litigation, U.S.
                         Department of Justice, Washington,
                         DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ming X. Ye, a native and citizen of the People's Republic of China, seeks review of a July 26, 2013 decision of the BIA affirming a December 1, 2011 decision of an Immigration Judge ("IJ") denying Ye's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and declining to remand for consideration of new evidence. *In re Ming X. Ye,* No. A099 531 181 (B.I.A. July 26, 2013), *aff'g* No. A099 531 181 (Immig. Ct. N.Y. City Dec. 1, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered the decision of the IJ as modified and supplemented by the BIA (minus the burden finding and including the motion to remand). *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008); *Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156-57 (2d Cir. 2005).

2

Adverse Credibility Determination

"Considering the totality of the circumstances, . . . a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, . . . the consistency between the applicant's or witness's written and oral statements . . ., the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's determination that Ye was not credible regarding his claims that he was detained and beaten in China for participating in an unregistered Christian church and that he feared future harm in that country on account of his continued practice of Christianity.

In making the credibility determination, the IJ reasonably relied on Ye's demeanor, noting that he was unresponsive regarding what happened to him after his release from detention in China and where he resided in the United States.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005).  The overall credibility determination is bolstered by inconsistencies in the record related to Ye's

3

detention, residence, and church attendance. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006); *see also Xiu Xia Lin*, 534 F.3d at 165-66. Furthermore, although basing a credibility finding on an applicant's lack of doctrinal knowledge can sometimes be erroneous, it was reasonable for the agency to do so here. Ye's inability to testify about Christmas, which conflicted with his assertions that he had practiced Christianity for three years and that he had taken numerous baptismal preparation courses, supported the adverse credibility determination. *See Rizal v. Gonzales*, 442 F.3d 84, 90 (2d Cir. 2006) (providing that there may be "instances in which the nature of an individual applicant's account would render his lack of a certain degree of doctrinal knowledge suspect and could therefore provide substantial evidence in support of an adverse credibility finding").

Given these findings, the agency's adverse credibility determination is supported by substantial evidence and is dispositive of Ye's claims for asylum, withholding of removal, and CAT relief. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

Two aspects of the IJ's opinion, however, merit further comment. First, the IJ pointed out that the certificate from the church in China, which attested to the petitioner's church

4

attendance, made no mention of his arrest, and that this "omission" from the author of the church certificate was a factor bearing on the credibility of the petitioner. Certified Administrative Record ("CAR") 113. However, the church official was asked to certify only the petitioner's church attendance. No one asked him to confirm the arrest. The reasoning makes about as much sense as if we were to doubt the validity of the IJ's opinion because it "omitted" any statement that he had been duly appointed.

Second, the IJ also doubted the petitioner's credibility because eight years after the mother's death, the son showed the father a death certificate that listed the death as occurring in May 2001, yet the father's letter, written three months after the son's conversation, says that the death occurred in April 2001. CAR 114. The IJ provides no explanation as why a one-month error by the father in reporting an event occurring eight years earlier provides a basis for doubting the credibility of the petitioner.

These matters provide no basis for a remand, however, because the IJ reasonably concluded that the petitioner's encounter with the police, though unpleasant, did not rise to the level of persecution, CAR 168, and because, even if the petitioner were found credible, *id.*, his petition would be

5

denied because his claimed fear of future persecution was not objectively reasonable.  CAR 169-70.

New Evidence

The BIA also did not err in declining to consider the evidence Ye submitted for the first time on appeal, intended to explain inconsistencies and demeanor at his initial proceeding, because he did not file the requisite motion to remand.  *See* 8 C.F.R. § 1003.1(d)(3)(iv); *In re Fedorenko*, 19 I. & N. Dec. 57, 74 (B.I.A. 1984).  Regardless, the BIA reasonably concluded that Ye's evidence did not warrant remand. Motions to remand based on new evidence are governed by the rules for motions to reopen, and a movant's failure to proffer previously unavailable evidence or demonstrate his prima facie eligibility for relief are permissible grounds for denying a motion to remand.  *Li Yong Cao*, 421 F.3d at 156.

Evidence of Ye's grandmother's illness was available before the merits hearing, and Ye failed to demonstrate that this evidence would impact the outcome of his proceedings. Despite multiple opportunities to explain inconsistencies at the hearing, neither Ye nor his aunt mentioned that they were distracted by a family illness, stating instead that they were nervous.  Accordingly, the BIA did not abuse its discretion in

declining to consider Ye's evidence submitted for the first time on appeal.  *See id.*

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk